**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                         No. CR 18-3321 JB

WILLIAM SERNA,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Objections to PSR and Sentencing Memorandum, filed June 26, 2019 (Doc. 49)("Objections"). The primary issue is whether the Court should apply the 4-level enhancement of United States Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (U.S. Sentencing Comm'n 2018)("U.S.S.G."), for possession of a firearm in connection with another felony offense as the United States Probation Office ("USPO") applies in paragraph 21 of the Presentence Investigation Report, filed May 29, 2019 (Doc. 46)("PSR"). See PSR ¶ 21, at 5. The Court will apply the 4-level enhancement.

The Court briefly recites the case's facts and the parties' arguments. Defendant William Serna pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). See Conditional Plea Agreement ¶ 6, at 3, filed March 29, 2019 (Doc. 44)("Plea Agreement"). Serna was discovered to possess firearms after a Bureau of Alcohol, Tobacco, Firearms and Explosives and Albuquerque Police Department officer (the "ATF/APD officer") interrupted, in Robinson Park in Albuquerque, New Mexico, a hand-to-hand transaction that resembled a narcotics exchange. See PSR ¶¶ 9-10, at 3-4. Serna argues that the 4-level enhancement does not apply, because no felony drug trafficking offense occurred and because no evidence exists that

Serna transferred narcotics to another person.  See Objections at 2.  According to the USPO, the ATF/APD officer observed Serna engaged in a hand-to-hand transaction "consistent with illegal narcotics transactions."  Addendum to Presentence Report at 1, filed June 27, 2019 (Doc. 50)("Addendum").  See PSR ¶¶ 9-10, at 3.  The USPO adds that the 4-level increase applies, although no "actual evidence" supports that Serna was trafficking drugs, Objections at 2, because Serna "was in possession of several baggies filled with methamphetamine, which were field tested and came back presumptive for methamphetamine, weighing 5.2 grams," Addendum at 1-2.  Plaintiff United States of America argues that sufficient evidence exists that the Court can conclude by a preponderance of the evidence that Serna committed a felony drug trafficking offense, because

> he was known to police as a drug trafficker, he was seen in a hand-to-hand transaction with another individual in a high-volume drug trafficking area, he was holding more than 5 grams of methamphetamine separated into baggies in the same backpack where he had one of two firearms, and he was indicted in state court for drug trafficking as well as possession.

United States' Sentencing Memorandum at 2-3, filed July 12, 2019 (Doc. 51)("U.S. Memo.").  The United States argues that the Court does not need to conclude that Serna committed a felony drug trafficking offense, because the enhancement applies if the Court concludes that Serna committed a felony drug possession offense.  See U.S. Memo. at 2-3.  The United States cites United States v. Tobanche, 115 F. Supp. 3d 1339, 1350 (D.N.M. 2015)(Browning, J.), aff'd, 643 F. App'x 781 (10th Cir. 2016)(unpublished), to argue that the Court should apply the 4-level enhancement even though Serna was not convicted of methamphetamine possession.  See U.S. Memo. at 2.

Section 2K2.1(b)(6)(B) provides for a 4-level enhancement "[i]f the defendant . . . used or possessed any firearm or ammunition in connection with another felony offense; or possessed or

transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). "[A]nother felony offense" "means any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." U.S.S.G. § 2K2.1 cmt. 14(C). See United States v. Gross, No. CR 16-0454 JB, 2016 WL 9021829, at *15 (D.N.M. Dec. 16, 2016)(Browning, J.)("An enhancement under § 2K2.1(b)(6) may be applied even though the felony in connection with which the firearm is possessed was not an offense for which the defendant was convicted. (citing United States v. Gambino-Zavala, 539 F.3d 1221, 1230 n.3 (10th Cir. 2008))). Application note 14(A) to U.S.S.G. § 2K2.1 specifies that the use or possession is "in connection with" another felony offense "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense." U.S.S.G. § 2K2.1 cmt. 14(A). The United States Court of Appeals for the Tenth Circuit has explained: "The plain and commonly understood meaning of 'facilitate' is to make easier." United States v. Marrufo, 661 F.3d 1204, 1207 (10th Cir. 2011).

Regarding the connections between firearms and felony drug trafficking offenses, the Court has previously noted:

> The Tenth Circuit has held on several occasions that physical proximity between a weapon and narcotics can be sufficient to satisfy § 2K2.1(b)(6). See, e.g., United States v. Bunner, 134 F.3d 1000, 1006 (10th Cir. 1998); United States v. Gomez-Arrellano, 5 F.3d 464, 467 (10th Cir. 1993). In United States v. Bunner, the Tenth Circuit explained how physical proximity could establish a nexus between a handgun and a drug trafficking offense: "Handguns are widely recognized as a tool of the drug dealers['] trade. Accordingly, a weapon's

proximity to narcotics may be sufficient to provide the nexus necessary to enhance a defendant's sentence under § 2K2.1(b)(5)."[1]  134 F.3d at 1006.

United States v. Gross, 2016 WL 9021829, at *14 (footnote in original).  The Court has applied a § 2K2.1(b)(6)(B) enhancement for federal drug trafficking offenses where a defendant possessed a firearm in proximity to drug trafficking activities.  See United States v. Tobanche, 115 F. Supp. 3d at 1360 61 (stating that evidence of drug trafficking existed where the defendant possessed a trafficking amount of methamphetamine -- 105.4 grams -- in the car that he drove, the methamphetamine was lying within the defendant's reach in the car's backseat, the defendant had rummaged for "nearly seventeen minutes" among the items in his backseat, the defendant had a history of convictions for drug offenses, the defendant had several guns in close proximity to him, and someone shot the defendant while he sat in the car with the methamphetamine, and applying § 2k2.1(b)(6)(B));  United States v Pacheco, No. CR 13-2643 JB, 2014 WL 3421063, at *14 (D.N.M. July 8, 2014)(Browning, J.)(reasoning that § 2K2.1(b)(6)(B) applied where the defendant had a firearm, heroin, and digital scales in his trailer, because the firearm might protect the defendant "and his drug supply").

The Court concludes that the evidence supports by a preponderance of the evidence that Serna engaged in a drug trafficking offense.  See United States v. Washington, 11 F.3d 1510, 1516 (10th Cir. 1993)(explaining that the preponderance of the evidence standard applies to sentencing proceedings).  Distribution of or possession with the intent to distribute of more than five grams of methamphetamine is a federal felony offense.  See 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii).  "Intent to distribute can be inferred from a number of factors accompanying possession, including

---

[1]Section 2K2.1(b)(5) is now § 2K2.1(b)(6).  See U.S.S.G. § 2K2.1.

(1) the quantity, purity, and value of the drugs possessed; (2) the manner in which the drugs are packaged; (3) the presence of firearms (as common tools of the trade); and (4) the presence of large sums of money." United States v. Waterbury, 206 F. App'x 805, 810 (10th Cir. 2006)(unpublished)[2](citing United States v. Allen, 235 F.3d 482, 492 (10th Cir. 2000); United States v. Wilson, 107 F.3d 774, 779 (10th Cir. 1997); United States v. Wood, 57 F.3d 913, 918-19 (10th Cir. 1995)). Here, the ATF/APD officer observed Serna engaged in a hand-to-hand transaction in Robinson Park, which has a reputation as a site for drug trafficking, and the hand-to-hand transaction resembled a narcotics exchange. See PSR ¶ 9, at 3. See also Memorandum Opinion and Order ¶¶ 9-23, 28, at 3, 6, 2019 WL 1506541, at *2-3, filed April 5, 2019 (Doc. 45). Serna had a loaded SCCY, model CPX-2, 9mm caliber, semiautomatic pistol, in his pocket. See PSR ¶¶ 10, 12-13, at 3-4; Plea Agreement ¶ 7, at 3. In his backpack, Serna had a ".22 caliber handgun and approximately 100 rounds of .22 ammunition." Plea Agreement ¶ 7, at 3. See PSR ¶¶ 11, 13, at 4. See United States v. Tobanche, 115 F. Supp. 3d at 1360 (treating the possession of firearms as evidence of drug trafficking). At the time of his arrest, Serna carried several baggies on his person which a field test revealed as presumptive for methamphetamine and which

---

[2]United States v. Waterbury is an unpublished opinion, but the Court can rely on an unpublished opinion from the Tenth Circuit to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated: "In this circuit, unpublished orders are not binding precedent, . . . and . . . citation to unpublished opinions is not favored. However, if an unpublished opinion . . . has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision." United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that United States v. Waterbury, and United States v. Fent, 199 F. App'x 724 (10th Cir. 2006), have persuasive value with respect to material issues, and will assist the Court in its disposition of this Memorandum Opinion and Order.

contained a total of 5.2 grams of the substance.  See PSR ¶ 11, at 4.  In the Court's view, this test result satisfies by a preponderance of the evidence that the substance was methamphetamine.  Although the Court has less evidence on which to conclude that Serna was engaged in drug trafficking than the Court had on which to decide United States v. Tobanche and United States v Pacheco, the Court reasons that Serna's possession of the methamphetamine and of the two firearms, and the ATF/APD officer's observation of a hand-to-hand transaction "consistent with" a narcotics transaction in Robinson Park make more likely than not that Serna engaged in drug trafficking.  PSR ¶ 9, at 3.

The Court concludes further by a preponderance of the evidence that Serna's possession of the firearms facilitated or had the potential to facilitate Serna's felony drug trafficking offense. See U.S.S.G. § 2K2.1 cmt. 14(A).  "Handguns are widely recognized as a tool of the drug dealers trade."  United States v. Bunner, 134 F.3d at 1006 (citing United States v. Wyatt, 102 F.3d 241, 248 (7th Cir. 1996)).  Like the defendant in United States v. Tobanche, Serna possessed a handgun within his reach, in close proximity to methamphetamine, and during a public interaction that was more likely than not an exchange of drugs.  As Serna carried the firearms to the scene of a narcotics transaction, the firearms in this case had more connection to the act of drug trafficking than the firearms in United States v Pacheco, wherein the Court concluded that a firearm in the same trailer as drug trafficking materials facilitated or had the potential to facilitate a drug trafficking offense, see 2014 WL 3421063, at *14, or in United States v. Gambino-Zavala, wherein police officers "discovered a .38 revolver, an AK-47, and 253.4 grams of heroin" in an apartment, United States v. Gambino-Zavala, 539 F.3d at 1224, and the Tenth Circuit concluded that § 2K2.1k(b)(6)(B) applied, because the firearms could protect the defendant "and his drug supply," United States v.

Gambino-Zavala, 539 F.3d at 1230. The Court reasons that, likewise, here, Serna's firearms could protect him and his methamphetamine. Accordingly, the Court concludes that, in these circumstances, Serna's firearms facilitated or had the potential to facilitate a drug trafficking offense.

Even if Serna was not trafficking drugs, § 2K2.1(b)(6)(B) still applies here. The Court has applied § 2K2.1(b)(6)(B) several times where a defendant committed only a felony drug possession offense. See United States v. Tobanche, 115 F. Supp. 3d at 1342, 1362-64 (applying the enhancement where the defendant had "105.4 grams of pure methamphetamine" in his car's backseat, a shotgun under the car's hood, and a pistol in the car's trunk); United States v. Hammons, No. CR 07-1164 JB, 2012 WL 119616, at *1, *17 (D.N.M. Jan. 12, 2012)(Browning, J.)(applying the enhancement where a defendant sitting in a vehicle had a handgun on the vehicle's console and methamphetamine in his hands); United States v. Cunningham, No. CR 06-2493 JB, 2008 WL 6049940, at *3, *13-14 (D.N.M. Oct. 29, 2008)(applying the enhancement where the defendant traveled with "two baggies of crack cocaine," one in his jacket and one in his baseball cap, and a loaded handgun in his vehicle's central console). But see United States v. Barela, 102 F. Supp. 3d 1212, 1215, 1228 (D.N.M. 2015)(Browning, J.)(stating that the enhancement does not apply where the defendant merely has heroin in his bedroom and in his closet, and has a firearm in his bedroom closet). The Court has previously addressed in detail § 2K2.1's application where the other felony offense is a felony drug possession offense:

> The United States Court of Appeals for the Eighth Circuit has noted that, when a person ventures out into public with a firearm and even a small amount of drugs, "there are many ways in which the weapon can facilitate the drug offense and dangerously embolden the offender." United States v. Regans, 125 F.3d 685,

687 (8th Cir. 1997). The Eighth Circuit has also held that a firearm facilitates or has the potential to facilitate felony-drug possession in the same manner as felony-drug trafficking -- by protecting a defendant or his drugs. See United States v. Bell, 310 F.3d 604, 605-06 (8th Cir. 2002)(per curiam). The Tenth Circuit reached a similar conclusion in an unpublished opinion. See United States v. Fent, 199 F. App'x 724, 727 (10th Cir. 2006)(unpublished)(holding that the enhancement applied where the defendant possessed a firearm in connection with possessing methamphetamine).

There is no requirement that a certain amount of narcotics be recovered for § 2K2.1(b)(6) to apply. See United States v. Condren, 18 F.3d 1190, 1199 (5th Cir. 1994)(holding that the 4-level enhancement "may be based on any felony, including, as here, felony possession of a small amount of drugs"); United States v. Cunningham, 2008 WL 6049940, at *8 . . . . Accordingly, courts have applied the 4-level enhancement in cases where small amounts of narcotics were recovered. See, e.g., United States v. Washington, 340 F.3d 222, 231 (5th Cir. 2003)(rejecting the defendant's argument that "the quantity of drugs seized was too minute for anything other than personal use and that the government failed to establish a connection between the firearms and the drugs," because a controlling Fifth Circuit case -- United States v. Condren . . . -- held that "a defendant possessing the firearm 'in connection with' either drug possession or distribution triggered the sentence enhancement"); United States v. Green, 255 F. App'x 473, 474 (11th Cir. 2007)(unpublished)(upholding enhancement for having firearm and small amount of drugs for personal use); United States v. Moran-Paz, 35 F. App'x 93, 93-94 (4th Cir. 2002)(unpublished)(upholding enhancement based upon finding that defendant carried firearm to protect his small amount of drugs).

In United States v. Justice, 679 F.3d 1251 (10th Cir. 2012), the Tenth Circuit stated that it agrees "with several other circuits that have held that possession of a firearm may facilitate an offense by emboldening the possessor to commit the offense." 679 F.3d at 1255. In that case, the defendant "was carrying methamphetamine on his person," the "firearms were within easy reach, and they were loaded"; thus, the Tenth Circuit concluded that "[a] reasonable person could find that the firearms gave him a sense of security emboldening him to venture from his home with drugs that someone might wish to take from him by force." 679 F.3d at 1255. The Tenth Circuit cautioned, however, that "emboldenment is not always present when firearms are near drugs." 679 F.3d at 1256 . . . . The Tenth Circuit emphasized that the factual setting must support the emboldenment theory, but concluded that,

> when the defendant is out and about, with drugs on his person and a loaded firearm within easy reach, one can infer from the proximity of the weapon to the drugs is not coincidental and that the firearm

> "facilitated, or had the potential of facilitating," the drug offense by emboldening the possessor.

United States v. Justice, 679 F.3d at 1256 (citation omitted).

United States v. Gross, 2016 WL 9021829, at *14-15.

The Court has, in another opinion, described that courts are more likely to apply § 2K2.1(b)(6)(B) for felony drug possession offenses where a defendant carries a firearm in public, where the firearm is a handgun, or where the firearm is loaded or available for use:

> Courts are more likely to apply § 2K2.1(b)(6)(B) where the defendant is carrying a firearm in public than when the firearm was discovered in the defendant's home. Compare United States v. Justice, 679 F.3d at 1255 (applying the enhancement where police found the defendant asleep in a vehicle with methamphetamine in his pocket and a gun next to him on the seat), with United States v. Smith, 535 F.3d [535 F.3d 883,] 885 [(8th Cir. 2008)](rejecting the enhancement where there was no evidence that defendant's simultaneous possession of firearms, ammunition, and drug residue in his home was anything other than a mere coincidence). The Tenth Circuit has noted that, "[w]hen a drug user chooses to carry his illegal drugs out into public with a firearm, there are many ways in which the weapon can facilitate the drug offense and dangerously embolden the offender." United States v. Justice, 679 F.3d at 1255. Striking a similar chord, the Court has previously said that it "sees no reason to disregard the natural inference that someone carrying drugs and a gun together is armed to protect his drugs, particularly when that person is out in public." United States v. Cunningham, . . . 2008 WL 6049940, at *8 . . . Recognizing that certain categories of guns are more likely to be associated with drug offenses than others, courts are more likely to apply § 2K2.1(b)(6)(B) where the defendant possessed a handgun rather than a long-barreled shotgun or a rifle. Compare United States v. Wyatt, 102 F.3d [102 F.3d 241,] 243 [(7th Cir. 1996)](explaining that the guns found -- a short-barreled rife and a handgun -- are typically used in the drug-trafficking business), with United States v. Massey, 462 F.3d 843, 846 (8th Cir. 2006)(affirming the district court's decision to not apply a § 2K2.1(b)(5) enhancement where, although the defendant possessed twenty-one guns, there was only one pistol and the rest of his guns were rifles and shotguns, which supported the defendant's contention that he was a sportsman and gun collector). Courts are also more willing to apply § 2K2.1(b)(6)(B) if the defendant's gun is loaded and ready to be used, than if it is unloaded, stowed away, or difficult to reach. See United States v. Wellington, 468 F. App'x 529, 532 (6th Cir. 2012)(unpublished)("[A] weapon with a chambered round and the hammer cocked raises a strong inference that Wellington was prepared to use the gun while participating in felony drug sales").

United States v. Tobanche, 115 F. Supp. 3d at 1362.

Here, the Court concludes by a preponderance of the evidence that Serna committed a felony drug possession offense. See United States v. Washington, 11 F.3d at 1516 (explaining that the preponderance of the evidence standard applies in sentencing proceedings). New Mexico classifies methamphetamine as a Schedule II substance, see N.M. Stat. Ann. § 30-31-7(A)(3)(C), and makes methamphetamine possession a fourth-degree felony, see N.M. Stat. Ann. § 30-31-23(F). "A person is in possession [of methamphetamine] when he knows it is on his person or in his presence, and he exercises control over it." N.M. R. C.R. UJI 14-3130. At the time of his arrest, Serna carried several baggies which a field test revealed as presumptive for methamphetamine and which contained a total of 5.2 grams of the substance. See PSR ¶ 11, at 4. In the Court's view, this test result satisfies by a preponderance of the evidence that the substance was methamphetamine, and the Court concludes by a preponderance of the evidence that, because Serna carried the methamphetamine in baggies on his person, he knew that he had the methamphetamine and he controlled it.

Serna's possession of the firearms more likely than not facilitated or had the potential to facilitate Serna's felony drug possession offense. See U.S.S.G. § 2K2.1 cmt. 14(A). Serna pled to possession on his person of "a 9 millimeter semi-automatic handgun located with 3 rounds of ammunition," and in his backpack of a ".22 caliber handgun and approximately 100 rounds of .22 ammunition." Plea Agreement ¶ 7, at 3. Serna had the handguns in Robinson Park -- a public space. See PSR ¶ 9, at 3. He carried two handguns, one of which was loaded and which he transported in his pocket within his reach. See PSR ¶¶ 10-13, at 3-4; Plea Agreement ¶ 7, at 3. These circumstances align with those in which courts have applied § 2K2.1(b)(6)(B) to felony

drug possession offenses.  See, e.g., United States v. Tobanche, 115 F. Supp. 3d at 1362.  With his handguns close at hand in public, Serna was likely emboldened to possess his methamphetamine and could protect himself and his methamphetamine.  The Court concludes by a preponderance of the evidence that the 4-level enhancement pursuant to § 2K2.1(b)(6)(B) is, therefore, warranted.  Accordingly, the application of the 4-level enhancement pursuant to § 2K2.1(b)(6)(B) is justified pursuant to theories both that Serna committed a felony drug trafficking offense and that Serna committed a felony drug possession offense.  The Court denies the Objections.

**IT IS ORDERED** that the objections in the Defendant's Objections to PSR and Sentencing Memorandum, filed June 26, 2019 (Doc. 49), are overruled.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

John C. Anderson
  United States Attorney
Thomas A. Outler
Peter J. Eicker
  Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

D. Eric Hannum
D. Eric Hannum, Attorney
Albuquerque, New Mexico

*Attorney for the Defendant*